

# The Attorney General
## of Texas

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 19, 1969

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. M-511

Re: Filing and recording of
unprobated will in the
deed records.

Dear Mr. Resweber:

In your letter requesting an opinion from this office, you ask the following questions:

"1. Can an <u>unprobated</u> will of a deceased person, attached as an exhibit to an affidavit of heirship, be filed and recorded in the deed records of the county clerk?

"2. Can the <u>unprobated</u> will of a deceased person be filed in the deed records of the county clerk under any circumstances?"

With regard to these questions, you submit the following facts:

"These two questions have arisen because an attorney in Harris County has sought to file the original will of a deceased person, attached as an exhibit to an affidavit of heirship, along with other instruments constituting a family agreement to dispense with probate of the will filed. . . . The second question arises where a will is offered for recording in the deed records which is not attached to an affidavit of heirship or other instrument. At other times unprobated original wills of deceased persons have been presented for filing in the deed records for other reasons pertaining to the title to real property."

In addition you have advised this office that the will in question is also specifically referred to in the affidavit of heirship.

Article 6626, Vernon's Civil Statutes, in part, provides as follows:

"The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, disfeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or moveable property of any description; . . ."

Section 52 of the Probate Code of Texas provides, in part, as follows:

"Section 52. Recorded Instruments as Prima Facie Evidence.

"Any statement of facts concerning the family history, genealogy, marital status, or the identity of the heirs of a decedent shall be received in a proceeding to declare heirship, or in any suit involving title to real or personal property, as prima facie evidence of the facts therein stated, when such statement is contained in either an affidavit or any other instrument legally executed and acknowledged, or any judgment of a court of record, if such affidavit or instrument has been of record for five years or more in the deed records of any county in this state in which such real or personal property is located at the time the suit is instituted, or in the deed records of any county of this state in which the decedent had his domicile or fixed place of residence at the time of his death. If there is any error in the statement of facts in such recorded affidavit or instrument, the true facts may be proved by anyone interested in the proceeding in which said affidavit or instrument is offered in evidence. This statute shall be cumulative of all other statutes on the same subject, and shall not be construed as abrogating any right to present evidence conferred by any other statute or rule of law."

Section 94 of the Probate Code of Texas provides as follows:

"Except as hereinafter provided with respect to foreign wills, no will shall be effectual for the purpose of proving title to, or the right to the possession of, any real or personal property disposed of by the will, until such will has been admitted to probate."

In the case of Turrentine v. Lasane, 389 S.W.2d 336 (Tex. Civ. App. 1965, no writ), it was held that two affidavits there under consideration relating certain genealogical, family history and heirship facts were at least "instruments of writing concerning lands" and being properly sworn to and acknowledged were authorized to be recorded by the County Clerk.

We are here confronted with the added question of whether the attaching of an unprobated will as an exhibit thereto renders an otherwise recordable affidavit unrecordable. It is recognized that the attaching of such unprobated will can in no way be effectual for the purpose of proving title to, or right to possession of, any property, but the same is often used as a part of an affidavit of heirship to dispell any worries as to what problems might arise if it were later decided to probate the will as a muniment of title under Section 73 of the Probate Code of Texas, or otherwise. It is, therefore, the opinion of this office that the attaching of such unprobated will as an exhibit to a recordable affidavit and referred to in said affidavit does not render such affidavit with exhibit unrecordable and your first question is answered in the affirmative.

Your second question concerns the recordability of an unprobated will under any circumstance, the most possible being if it is acknowledged but is presented for recordation not as an exhibit to an affidavit. Until a will is probated, it is no evidence of title. Milner v. Sims, 171 S.W. 784 (Tex. Civ. App. 1919, no writ). It could forcefully be argued that not being evidence of title it could not qualify as being an instrument of writing "concerning any lands", but more precisely, Article 6626, Vernon's Civil Statutes, allows instruments to be recorded by the County Clerk only if they shall "have been acknowledged or proved according to law." The Probate Code of Texas contains many specific provisions setting out what is required for a will to have been "proved according to law." These specific provisions, such as Articles 88, 84 and 59, apply to the probate, or recording of a will as a will; therefore, the general provision of Article 6626 allowing recordation of an acknowledged instrument is not applicable to a will. It should further be pointed out that,

even though a will has been "self-proved" in accordance with the provisions of Article 59 of the Provate Code of Texas, such self-proving does away with only a portion of the proof requirements, viz: "its execution with the formalities and solemnities and under the circumstances required to make it a valid will", but in no way relieves the applicant of the other proof requirements of the law, set out in Section 88. Therefore, even an unprobated "self-proved" will has not been "proved according to law" so as to allow its recordation. Your second question is, therefore, answered in the negative.

### SUMMARY

An otherwise recordable affidavit of heirship may be recorded in the office of the County Clerk even though it has attached thereto an exhibit consisting of an unprobated will. An unprobated will, not constituting such exhibit to an affidavit, may not be recorded in the office of the County Clerk even though it does have an acknowledgment thereon.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan Williams and
Harold G. Kennedy
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Rick Fisher
Milton Richardson
James Quick
William J. Craig

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant